IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLOS L. FRYE, | No. C 08-5288 CW (PR) |
| Plaintiff, | ORDER OF SERVICE |
| v. | |
| OFFICER OLESHEA, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Karlos L. Frye is a state prisoner incarcerated at Salinas Valley State Prison (SVSP). He has filed this civil rights action under 42 U.S.C. § 1983 alleging that SVSP officers violated his Fourth Amendment right to be free from unreasonable searches, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment rights to procedural due process and to equal protection. His motion for leave to proceed in forma pauperis has been granted.

On April 6, 2009, Plaintiff filed his first amended complaint.

Venue is proper in this Court because the injuries complained of occurred at SVSP, which is located within the Northern District of California. See 28 U.S.C. §§ 84(a), 1391(b).

## BACKGROUND

Plaintiff alleges five constitutional violations. First, he alleges prison officials violated his Fourth Amendment rights by conducting an "invasive and unreasonable strip search" without any evidence of wrongdoing. (Am. Compl. at 7.) Plaintiff alleges that a prison official told him that his mother had been "observed . . . making suspicious movements" during a visit. (Id. at 3, 5.) Plaintiff's visit was terminated, and he was strip-

searched twice. (Id.)  Plaintiff alleges that SVSP Correctional Officer Oleshea led this search. (Id. at 3.)

Second, Plaintiff alleges that he was subjected to "inhumane savage cruelty and oppressive treatment" between 3 p.m. on December 2, 2007 and 1:30 p.m. on December 4, 2007. (Id. at 6.)  During this time, Plaintiff was "on contraband watch," wearing only his underwear, which was taped to his bare skin. (Id. at 5.) Plaintiff's legs and hands were handcuffed. (Id.)  He was put in a cell containing only a small wooden bench. (Id.)  He was "not given a short not mattress to sleep on and a bright light was kept on." (Id.)  Because he was not provided with toilet paper, soap, or water, he was forced to clean himself after going to the bathroom with his bare hands. (Id. at 6.)  Furthermore, he was not provided with utensils with which to eat, nor were his handcuffs removed, so he had to eat his food on his hands and knees "like a savage animal." (Id.)

Third, Plaintiff alleges that prison officials violated his Fourteenth Amendment rights.  Plaintiff alleges that he was subjected to a "'feces watch' without . . . procedural due process, which is required before punishment of feces watch." (Id. at 8.) He argues that he was "entitled to a hearing within a reasonable time before and after the 'feces watch' started." (Id. at 11.) Plaintiff also alleges that prison officials intentionally prevented him from exhausting his 602 inmate appeal, in violation of his Fourteenth Amendment right to due process. (Id. at 12.)  Finally, Plaintiff alleges that he was "targeted" for these actions, because he "is black and his fiancé is white." (Id. at 7.)

Plaintiff filed a 602 appeal on December 11, 2007, challenging the allegedly suspicionless three-day "feces watch," which took

2

place between December 2 and 4, 2007, and alleging inhumane treatment during this period. (Am. Compl., Ex. A at 1.) The 602 appeal was returned to Plaintiff on February 11, 2008, with bypass stamps at the informal and formal levels of review, but it was not given a log number, a date or otherwise signed. (Id.) On that same day, Plaintiff requested an interview with the appeals coordinator in order to obtain a response to his 602 appeal, which he could then appeal to the next level. (Am. Compl. at 3-8.) Plaintiff alleges he never received a response. (Id. at 2.) Nine months later, on November 21, 2008, Plaintiff filed his original complaint under section 1983. As mentioned above, he filed his amended complaint on April 6, 2009.

Plaintiff names the following Defendants: SVSP Correctional Officer Oleshea, Defendants "John Doe" 1 through 6, and the "appeals coordinator." He seeks monetary damages.

## DISCUSSION

I.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Pro se

3

pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

II. Legal Claims

    A. Fourth Amendment Unreasonable Search Claim

The Supreme Court has not decided whether prison inmates retain Fourth Amendment rights. <u>See</u> <u>Thompson v. Souza</u>, 111 F.3d 694, 699, 701 n.4 (9th Cir. 1997). The Ninth Circuit has, however, held that the Fourth Amendment right to be secure against unreasonable searches extends to incarcerated prisoners, although the reasonableness of a particular search must be determined by reference to the prison context. <u>See</u> <u>Michenfelder v. Sumner</u>, 860 F.2d 328, 332 (9th Cir. 1988). Factors to consider in determining the reasonableness of a search include the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place at which it is conducted. <u>See</u> <u>Thompson</u>, 111 F.3d at 700.

Although Plaintiff does not describe exactly how the strip searches were carried out, he alleges that Defendant Oleshea subjected him to two "invasive and unreasonable strip search[es]," even though he posed no particular security risk to the institution. Liberally construed, the Court finds that Plaintiff has stated a COGNIZABLE Fourth Amendment claim stemming from the strip searches by Defendant Oleshea.

    B. Eighth Amendment Claim

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to

scrutiny under the Eighth Amendment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993).  The Eighth Amendment imposes duties on prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.  See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, see Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official must possess a sufficiently culpable state of mind, see id. (citing Wilson, 501 U.S. at 297).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation.  The more basic the need, the shorter the time it can be withheld.  See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim.  See id. at 732-33.

In prison-conditions cases, the necessary state of mind is one of "deliberate indifference."  See, e.g., Farmer, 511 U.S. at 834. A prison employee is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Id. at 837.

5

Liberally construed, the Court finds that Plaintiff's allegations that SVSP prison officials deprived him of clothes, a mattress, basic sanitation products and utensils for forty-eight hours present a COGNIZABLE Eighth Amendment claim for deliberate indifference to his basic life necessities.

In the section of the complaint form where he sets forth his allegations of his Eighth Amendment claim, Plaintiff identifies "John Does" 1 through 6 as those who were present and participated in the deliberate indifference to his basic life necessities. As explained below, a claim stated against Doe Defendants without further identifying information is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Therefore, Plaintiff's Eighth Amendment claim cannot proceed unless he amends his complaint to cure this pleading deficiency.

Accordingly, Plaintiff's Eighth Amendment claim is DISMISSED WITH LEAVE TO AMEND.

C.   Fourteenth Amendment Due Process Claims

1.   "Feces Watch"

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Thus, although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, the Due Process Clause requires certain minimum procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." See Sandin v. Conner, 515 U.S. 472, 477-87 (1995); Wolff, 418 U.S. at

556-57, 571-72 n.19.

California's regulations concerning discipline provide explicit standards that narrowly fetter official discretion. See Cal. Code Regs. tit. 15, § 3320(l) (requiring guilt to be proven by preponderance of evidence standard); § 3320(a) (requiring notice); § 3320(b) (requiring hearing); Walker v. Sumner, 14 F.3d 1415, 1419 (9th Cir. 1994) (finding Nevada regulations, which are similar to California's, create liberty interest). The Court assumes for the purpose of this discussion that the "feces watch" sanctions imposed against Plaintiff were deprivations of liberty of real substance.

Wolff established five procedural requirements for prison disciplinary hearings implicating the Due Process Clause. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff, 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566; see also Bartholomew v. Watson, 665 F.2d 915, 917-18 (9th Cir. 1982) (right to call witnesses is basic to fair hearing and decisions to preclude should be on case by case analysis of potential hazards of calling

7

particular person). Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Wolff, 418 U.S. at 570.

In Superintendent v. Hill, 472 U.S. 445, 454 (1985), the Court held that the minimum requirements of procedural due process also require that the findings of the prison disciplinary board be supported by some evidence in the record. Id. at 454. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. See id. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. Id. at 455. The Ninth Circuit additionally has held that there must be some indicia of reliability of the information that forms the basis for prison disciplinary actions. See Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987).

The fact that a prisoner may have been innocent of disciplinary charges brought against him, however, does not give rise to a constitutional claim. The Constitution demands due process in prison disciplinary procedures, not error-free decision-making. See Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983).

Liberally construed, Plaintiff's allegations that he was not granted a hearing before or after he was put on "feces watch" state a COGNIZABLE claim of a violation of his due process rights. See

Meachum v. Fano, 427 U.S. 215, 223-27 (1976); Sandin v. Conner, 515 U.S. 472, 484 (1995); Toussaint v. McCarthy, 926 F.2d 800, 1098 (9th Cir. 1990), cert. denied, 502 U.S. 874 (1991).

However, in the section of the complaint form where he sets forth his allegations of his due process claim, Plaintiff identifies "John Does" 1 through 6 as those who were present and participated in denying him a hearing. Plaintiff's due process claim cannot proceed unless he amends his complaint because, as explained below, a claim stated against Doe Defendants is not favored in the Ninth Circuit. See Gillespie, 629 F.2d at 642.

Accordingly, Plaintiff's due process claim is DISMISSED WITH LEAVE TO AMEND to cure this pleading deficiency.

        2. Claim Relating to Grievance Process

Interests protected by the Due Process Clause may arise from two sources -- the Due Process Clause itself and laws of the States. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). There is no constitutional right to a prison administrative appeal or grievance system. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

However, California Code of Regulations, title 15 section 3084, et seq. grants state prisoners the right to a prison appeals process. The regulations are purely procedural -- they require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards. Instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely sets procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable

liberty interest.  Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see, e.g., Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (same).  Accordingly, a prison official's failure to process grievances, without more, is not actionable under § 1983. See Buckley, 997 F.2d at 495; see also Ramirez, 334 F.3d at 860 (prisoner's claimed loss of liberty interest in processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  Although there is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action.  See Flick v. Alba, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance.").

    Here, Plaintiff's claim that his constitutional rights were violated by the failings of the prison administrative grievance system is DISMISSED with prejudice and without leave to amend.

    Plaintiff names the "appeals coordinator" as a Defendant in his complaint.  Plaintiff has failed to state a claim against the "appeals coordinator."  Accordingly, Plaintiff's claim against the "appeals coordinator" relating to the grievance process is DISMISSED with prejudice.

    However, the Court will take into account Plaintiff's allegations if it needs to decide whether he can be excused from

10

failing to exhaust his administrative remedies with respect to his other claims.[1]

####    D.    Fourteenth Amendment Equal Protection Claim

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)).

To state a claim for relief under the Equal Protection Clause, a plaintiff must allege that the defendant acted at least in part because of the plaintiff's membership in a protected class. See Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003). Proof of a discriminatory intent or purpose is also required. City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found., 538 U.S. 188, 194 (2003). In the prison context, an allegedly discriminatory prison regulation or practice is valid as long as it is "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

Here, Plaintiff makes the conclusory allegation that "John Does" 1 through 6 discriminated against him because of his race and his fiance's race by putting him on "feces watch" in December, 2007. Plaintiff alleges no facts showing that similarly situated inmates,

---

[1] Plaintiff contends he filed administrative appeals (grievances) on the issues in his amended complaint, which have never been answered. It thus appears he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). If the allegations that his appeals have not been answered are true, however, it may be that administrative remedies are not "available" within the meaning of the statute. This is an issue better resolved at a later stage of the case.

11

who are not African-American, or who have fiances of a different ethnicity, were not put on "feces watch" in similar circumstances. The Court finds that Plaintiff does not state a cognizable equal protection claim against Defendants "John Does" 1 through 6 or Defendant Oleshea. Accordingly, Plaintiff's equal protection claim is DISMISSED WITH LEAVE TO AMEND. Plaintiff may reassert his equal protection claim by filing an amended claim if he can allege in good faith, and by citing actual examples which are subject to proof, that Defendants "John Does" 1 through 6 or Defendant Oleshea placed him on "feces watch" but did not do so for other similarly situated prisoners of other races.

  E. Claims Against Doe Defendants

  Plaintiff identifies "John Does" 1 through 6 as Defendants whose names he intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie, 629 F.2d at 642. However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

  Accordingly, the claims against the Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn their identities, he may move to file an amendment to the complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

## CONCLUSION

  For the foregoing reasons, the Court orders as follows:

  1. Plaintiff has stated a COGNIZABLE Fourth Amendment claim

12

against Defendant Oleshea stemming from the strip searches conducted in December, 2007.

    2.    Plaintiff's Eighth Amendment claim for deliberate indifference to his basic life necessities is DISMISSED WITH LEAVE TO AMEND.

    3.    Plaintiff's Fourteenth Amendment claim that his due process rights were violated when he was not given a hearing before or after he was put on "feces watch" is DISMISSED WITH LEAVE TO AMEND.

    4.    Plaintiff's Fourteenth Amendment claim that his due process rights were violated through SVSP's grievance process and his claim against the "appeals coordinator" relating to the grievance process are DISMISSED WITH PREJUDICE.

    5.    Plaintiff's Fourteenth Amendment equal protection claim is DISMISSED WITH LEAVE TO AMEND.

    6.    Within <u>thirty (30) days</u> of the date of this Order Plaintiff may file an amendment to the complaint with his amended Eighth Amendment, due process and equal protection claims as set forth above in Section II(B),(C)(1), and (D) of this Order. (Plaintiff shall resubmit only those claims and not the entire complaint.)  The failure to do so will result in the dismissal without prejudice of his Eighth Amendment, due process and equal protection claims.

    7.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and amended complaint and all attachments thereto (docket nos. 1, 10) and a copy of this Order to <u>Correctional Officer Oleshea at SVSP</u>.  The Clerk of the

Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

    8.    Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

    9.    Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

14

        a.   No later than <u>ninety (90) days</u> from the date his answer is due, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

        b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than <u>sixty (60) days</u> after the date on which Defendant's motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

        Plaintiff is advised to read Rule 56 of the Federal Rules of

Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendant's dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c.  If Defendant wishes to file a reply brief, he shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

    d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

10.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

11.  All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

12.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

13. Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 7/6/09    
            CLAUDIA WILKEN
            United States District Judge

<div style="writing-mode: vertical-rl">**United States District Court** For the Northern District of California</div>

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KARLOS L FRYE,

        Plaintiff,

  v.

OLESHEA et al,

        Defendant.

Case Number: CV08-05288 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 6, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Karlos L. Frye T05458
D7-129
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: July 6, 2009

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk