United States District Court

For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3
4    KARLOS L. FRYE,                    )   No. 08-5288 CW (PR)
                                        )
5                Plaintiff,             )   ORDER DENYING DEFENDANTS'
                                        )   MOTION TO DISMISS FOR FAILURE
6         v.                            )   TO EXHAUST ADMINISTRATIVE
                                        )   REMEDIES; DENYING PLAINTIFF'S
7    OFFICER OLEACHEA, et al.,          )   MOTION FOR RECONSIDERATION;
                                        )   REVIEWING AMENDMENT TO AMENDED
8                Defendants.            )   COMPLAINT; REQUIRING SERVICE
                                        )   ON CERTAIN DEFENDANTS; AND
9                                       )   SETTING BRIEFING SCHEDULE
     _____   )
10                                          (Docket nos. 38, 43)

11                        INTRODUCTION

12        Plaintiff Karlos L. Frye is a state prisoner incarcerated at

13   Salinas Valley State Prison (SVSP).  On November 21, 2008, he filed

14   this pro se civil rights action under 42 U.S.C. § 1983, alleging

15   that SVSP officers violated his Fourth Amendment right to be free

16   from unreasonable searches, his Eighth Amendment right to be free

17   from cruel and unusual punishment, and his Fourteenth Amendment

18   rights to procedural due process and equal protection.

19        On April 6, 2009, Plaintiff filed an amended complaint.

20        In an Order dated July 6, 2010, the Court reviewed the amended

21   complaint and found Plaintiff alleged a cognizable Fourth Amendment

22   claim against Defendant Oleachea[1] stemming from the strip searches

23   conducted in December, 2007.  Although the Court found Plaintiff

24   also alleged a cognizable claim for deliberate indifference to his

25   basic life necessities and a cognizable due process claim, both

26   _____

27        [1] Defendant Oleachea's name was misspelled as "Oleshea" in the
     Court's July 6, 2010 Order.  The Court directs the Clerk of the
28   Court to correct the spelling of his name in the case caption to
     "Oleachea."

United States District Court
For the Northern District of California

claims were dismissed with leave to amend because Plaintiff failed to identify "John Does" 1 through 6.  Plaintiff's Fourteenth Amendment equal protection claim was also dismissed with leave to amend because he failed to allege facts showing that similarly situated inmates, who are not African-American, were not treated similarly.  Plaintiff's claim relating to the grievance process was dismissed without leave to amend.  However, the Court specified that it "would take into account Plaintiff's allegations if it needs to decide whether he can be excused from failing to exhaust his administrative remedies with respect to his other claims." (July 6, 2010 Order at 11.)  Finally, the Court dismissed the claims against Doe Defendants without prejudice to allow Plaintiff to try to learn their identities and move to file an amendment to the amended complaint to add them as named defendants.

On November 23, 2009, Plaintiff filed an amendment to the amended complaint.[2]  He has amended his Fourth Amendment, Eighth Amendment, due process and equal protection claims.  He has also identified several Doe Defendants and adds the following as named defendants: SVSP Captain Muniz; SVSP Lieutenant W. Showalter; SVSP Sergeants M. Nilssen and Watson; and SVSP Correctional Officers Nolte, Lapurga, Milenewicz, Quitevis, Mora, Corona, Greeson, Newby and White.  Plaintiff seeks monetary damages.

On December 11, 2009, the Court denied Plaintiff's motion for appointment of counsel.

Before the Court is Defendant Oleachea's motion pursuant to

---

[2] Plaintiff sent a copy of his amendment to the Court; however, he did not send a copy to Defendant Oleachea's attorney. (Proof of Service dated Nov. 19, 2009.)

Federal Rule of Civil Procedure 12(b) to dismiss Plaintiff's complaint for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

Plaintiff's opposition was due on April 9, 2010.  To date, Plaintiff has not filed an opposition.  Plaintiff was or should have been aware of the pending motion to dismiss because Defendant Oleachea served him with a copy of the motion on February 8, 2010 at SVSP.  (Proof of Service dated Feb. 8. 2010.)  Furthermore, on February 9, 2010, August 11, 2010 and August 26, 2010, the Clerk sent Plaintiff copies of the docket sheet reflecting that the motion was filed, in response to his requests for a case status update.  Plaintiff recently filed another request for a case status update, and in that letter dated September 21, 2010, he states: "I intend to make an opposition to the motion by the Defendants Oleashea [sic]."  (Pl.'s Letter dated Sept. 21, 2010 at 1.)  The Could construes this as a request for an extension of time to file his opposition to the motion to dismiss.

Plaintiff has also filed a motion to reconsider the Court's Order dated December 11, 2009 denying appointment of counsel.

For the reasons discussed below, Defendant Oleachea's motion to dismiss is DENIED.  Plaintiff's motion to reconsider the Court's December 11, 2009 Order is also DENIED, and his request for an extension of time to file an opposition is DENIED as unnecessary.

FACTUAL BACKGROUND

I.   Facts Relating to the Alleged Constitutional Violations

In its July 6, 2009 Order, the Court summarized the facts alleged by Plaintiff as follows:

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

First, Plaintiff alleges that a prison official told him that his mother [Florine Frye] had been "observed . . . making suspicious movements" during a visit. (Am. Compl. at 3, 5.) Plaintiff's visit was terminated, and he was strip-searched twice. (<u>Id.</u>) Plaintiff alleges that SVSP Correctional Officer Oleshea [sic] led this search. (<u>Id.</u> at 3.)

Second, Plaintiff alleges that he was subjected to "inhumane savage cruelty and oppressive treatment" between 3 p.m. on December 2, 2007 and 1:30 p.m. on December 4, 2007. (<u>Id.</u> at 6.) During this time, Plaintiff was "on contraband watch," wearing only his underwear, which was taped to his bare skin. (<u>Id.</u> at 5.) Plaintiff's legs and hands were handcuffed. (<u>Id.</u>) He was put in a cell containing only a small wooden bench. (<u>Id.</u>) He was "not given a short not mattress to sleep on and a bright light was kept on." (<u>Id.</u>) Because he was not provided with toilet paper, soap, or water, he was forced to clean himself after going to the bathroom with his bare hands. (<u>Id.</u> at 6.) Furthermore, he was not provided with utensils with which to eat, nor were his handcuffs removed, so he had to eat his food on his hands and knees "like a savage animal." (<u>Id.</u>)

Third, Plaintiff alleges that he was subjected to a "'feces watch' without . . . procedural due process, which is required before punishment of feces watch." (<u>Id.</u> at 8.) He argues that he was "entitled to a hearing within a reasonable time before and after the 'feces watch' started." (<u>Id.</u> at 11.) Plaintiff also alleges that prison officials intentionally prevented him from exhausting his 602 inmate appeal, in violation of his Fourteenth Amendment right to due process. (Id. at 12.)

Finally, Plaintiff alleges that he was "targeted" for these actions, because he "is black and his fiancé is white." (<u>Id.</u> at 7.)

(July 6, 2009 Order of Service at 1-3.)

II.  Facts Relating to Exhaustion

The following facts relating to exhaustion are based on Plaintiff's verified amended complaint, the amendment and all his exhibits, as well as Defendant Oleachea's answer and the evidence he submitted in support of the motion to dismiss.

Plaintiff filed a 602 appeal form (original 602) dated

December 11, 2007 relating to:  (1) the strip-search on December 2, 2007; (2) the resulting three day "feces watch" on December 2, 3 and 4, 2007; and (3) the alleged inhumane treatment during this period.  (Amendment, Ex. A at 12-13, 602 Appeal Form dated Dec. 11, 2007.)[3]  There are no "DELIVERED" or "REC'D" stamps on the original 602.  (Id.)

Plaintiff mailed a duplicate 602 appeal form (second 602) dated December 26, 2007.  (Amendment, Ex. A at 1-2, 602 Appeal Form dated Dec. 26, 2007.)  The second 602 was stamped "REC'D DEC 31 2007."  (Id.)

On February 11, 2008, Plaintiff requested an interview with the appeals coordinator because he got back his original 602 on that date "with the word BYPASS STAMPED ON IT 4 TIMES and no dates and signatures of staff that received the 602."  (Amendment, Ex. A at 8, Inmate Req. for Interview Form dated Feb. 11, 2008.)  He then attached the original 602 with a request, stating: "Please sign the 602 attached and provide your informed response as to the matters stated on the 602.  You have 30 days to respond.  Cal. Code Regs. tit. § 3084.6(b)(3)."  (Id.)

On March 19, 2008, Plaintiff sent another request for an interview because he never received a response to his February 11, 2008 request.  (Amendment, Ex. A at 8 Inmate Req. for Interview Form dated Mar. 19, 2008.)

On April 19, 2008, Plaintiff sent a third request for an interview because he did not receive a response to his previous two

---

[3]  On the original 602 form, Plaintiff stated: "See the Attached Sheets pages 3-6," referring to an attached four-page typewritten letter to the appeals coordinator dated December 11, 2007.  (Am. Compl. Ex. A.)

United States District Court
For the Northern District of California

requests or to his two 602 appeals.  (Amendment, Ex. A at 9, Inmate Req. for Interview Form dated Apr. 19, 2008.)

It is not clear from the pleadings when Plaintiff received his second 602 back; however, it was returned with a location and log number: "SVSP-D-01-0522."[4]  (Amendment, Ex. A at 1-2, 602 Appeal Form dated Dec. 26, 2007.)  It was stamped "BYPASS" at the informal and formal levels of review.  (Id.)  Under the second level of review, a box labeled "Granted" was marked, and it was stamped "RET'D MAR 18 2008."  (Id.)  Further, "1/1/08" was written in the blank for "Date Assigned," "2/1/08" in the blank for "Due Date," and "3/1/08" in the blank for "Date Competed."  (Id.)  This section also includes the second level reviewer's signature and the warden/superintendent's signature.  (Id.)  The Director's level of review, which is the third and final level, is blank.  (Id.)

DISCUSSION

I.   Motion to Dismiss

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  All available remedies must now be

---

[4]   The copy of the second 602 submitted by Plaintiff is a photocopy that is difficult to decipher; therefore, the log number could also be "SVSP-D-07-0522."  (Amendment, Ex. A at 1-2, 602 Appeal Form dated Dec. 26, 2007.)

United States District Court
For the Northern District of California

exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 548 U.S. 81, 83 (2006). "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." Id. at 92. Therefore, the PLRA exhaustion requirement requires proper exhaustion. Id. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 91 (footnote omitted); Jones v. Bock, 549 U.S. 199, 218 (2007) (compliance with prison grievance procedures is required by the PLRA to exhaust properly). The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. Id.

The State of California provides its prisoners the right to

United States District Court
For the Northern District of California

appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation (CDCR). Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1121.

In the present case, Defendant Oleachea correctly raised non-exhaustion in an unenumerated motion to dismiss. Defendant Oleachea argues that Plaintiff never submitted an appeal to the Appeals Coordinator's Office because his original 602 form "bears no date stamp, log-number, or marking in the upper right corner showing that the Appeals Coordinator's Office reviewed and

categorized the appeal." (Decl. Smith ¶ 7.) Defendant Oleachea further argues that Plaintiff did not exhaust his administrative remedies because he failed to "submit an inmate appeal to the Inmate Appeals Branch with a brief explanation of the reasons he believes the institution has improperly handled his inmate appeal." (Decl. Smith ¶ 10.)

Defendant Oleachea fails to acknowledge Plaintiff's second 602 even though it has been given a log number and was signed by at least two different prison officials. Defendant Oleachea claims that a search of the SVSP tracking system was conducted, and "references to Frye were located and a computer printout of those results were generated." (Decl. Smith ¶ 6.) He states:

> The computer printout comprises each and every inmate appeal submitted to the Salinas Valley Appeals Coordinators['] Office that was rejected or accepted for June 2003 to December 2008. The printout also comprises each and every appeal filed by Frye that has been screened-out, or rejected, at the First or Second Levels of Review from 2003 to 2008.

(Id.) The printout does not contain the original 602 or the second 602. (Decl. Smith, Ex. A.) However, the record contains evidence which directly contradicts the information on the printout, i.e., the second 602. Plaintiff claims that his second 602 was granted "without an attached letter for reasons." (Amendment at 2.) He also alleges that he "sent the original to the Appeals Coordinator with hopes to see why no Attached Letter to the 602, but I never got the Original 602 back." (Id. at 1-A.) The record indicates that Plaintiff, on his own accord and without any procedural guidance from the Appeals Coordinator's Office, sent three Inmate Request for Interview forms to the Appeals Coordinator requesting a response to his original 602 and second 602. Defendant Oleachea

**United States District Court**
For the Northern District of California

fails to acknowledge these three Inmate Request for Interview forms.

The record shows that Plaintiff's second 602 was received by the Appeal Coordinator's Office on December 31, 2007. (Amendment, Ex. A at 1-2, 602 Appeal Form dated Dec. 26, 2007.) Although the second 602 was marked "Granted" at the second level of review, there is no indication on the form as to what actual relief was due to Plaintiff based on this grant. Because the Director's level of review is blank, it is arguable that Plaintiff did not appeal his claims to the highest level of appeal. However, there was nothing in the form explaining the next procedural step, if any, Plaintiff should have taken after receiving the grant, to exhaust his claims properly.

The obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). A prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. Id. at 935; see also Marella v. Terhune, 568 F.3d 1024, 1026 (9th Cir. 2009) (exhaustion is completed, regardless of the level of review, when an inmate is informed that the appeals process was unavailable to him).

In Brown, the administrative grievance was denied at the first formal level of review, and then partially granted at the second level. Brown, 422 F.3d at 930-1. Brown's appeal included a decision at the second level of review with the "P Granted" box

10

United States District Court
For the Northern District of California

marked and an attached memorandum explaining the relief he would receive. Id. He was further informed that an investigation would be conducted and that he would be "notified by the Office of Internal Affairs of the disposition of [his] complaint . . . ." Id. Brown did not pursue the Director's level of review, instead he requested information from the California Office of the Inspector General about the status of the promised investigation. Id. In response, Brown was informed that an investigation had taken place but they refused to share specific details with him. Id. Brown then filed a civil rights action in federal court. Id. at 931-2. The district court found that Brown had properly exhausted because he "was provided all of the relief that the administrative process could provide." Id. The second level reviewer did not inform Brown that he could appeal the partial grant to the next level. Id. Therefore, the district court found that "it is unclear what would be left to appeal, as plaintiff's appeal was partially granted and an investigation was to be conducted." Id.

As in Brown, Plaintiff's second 602 was returned to him after it was marked "Granted" at the second level of review. Similarly, the second level reviewer did not inform Plaintiff that he could appeal the grant to the next level. Unlike in Brown, Plaintiff's second 602 was not returned with an attached memorandum explaining what relief Plaintiff would receive. The second 602 form included a space for Plaintiff to appeal to the Director's level of review; however, it was unclear what he had left to appeal because his second 602 was granted in full. Therefore, like Brown, Plaintiff had no further obligation to exhaust. See Brown, 422 F.3d at 934-

35.

Defendant Oleachea has failed to meet his burden of proving that Plaintiff did not exhaust all available administrative remedies.

Accordingly, Defendant Oleachea's motion to dismiss is DENIED, and the parties are directed to abide by the briefing schedule outlined below.

II.  Motion for Reconsideration

Before the Court is Plaintiff's motion for reconsideration of the December 11, 2009 Order denying appointment of counsel.

Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief.  See Fed. R. Civ. P. 60(b).  Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.  Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under subparagraph (6) or any other provision of Rule 60(b).  "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).

Plaintiff presents no grounds that warrant reconsideration.

12

**United States District Court**
For the Northern District of California

As explained in the Court's Order denying appointment of counsel, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  See <u>Lassiter v. Dep't of Soc. Servs.</u>, 452 U.S. 18, 25 (1981); <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), <u>withdrawn in part on other grounds on reh'g en banc</u>, 154 F.3d 952 (9th Cir. 1998) (en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims <u>pro se</u> in light of the complexity of the legal issues involved.  See <u>id.</u> at 1525; <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See <u>id.</u>  At present, the Court is unable to assess whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a <u>pro bono</u> appointment.  Accordingly, Plaintiff's motion for reconsideration is DENIED.  The Court will consider appointment of counsel later in the proceedings, after all Defendants have been served and have filed their motion for summary judgment and after the Court has a better understanding of the procedural and substantive matters at issue.  Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' motion for summary judgment has been filed.  If the Court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel

13

to agree to represent Plaintiff pro bono.

III. Review of the Amendment to the Amended Complaint

    A.   Fourth Amendment Unreasonable Search Claim

In the Court's July 6, 2009 Order, the Court found that Plaintiff stated a cognizable Fourth Amendment claim stemming from the strip searches by Defendant Oleshea. (July 6, 2009 Order at 4.)

In his amendment, Plaintiff alleges that another Defendant, SVSP Correctional Officer Quitevis, participated in the unlawful strip searches, along with Defendant Oleachea, and taped Plaintiff's underwear to his skin. (Amendment at 3 ¶ 2-3.) Accordingly, the Court finds that Plaintiff has also stated a cognizable Fourth Amendment claim against Defendant Quitevis stemming from the strip searches. Therefore, this claim may proceed against Defendant Quitevis, who shall abide by the briefing schedule outlined below.

    B.   Eighth Amendment Claim

In its July 6, 2009 Order, the Court found that Plaintiff's allegations that SVSP prison officials deprived him of clothes, a mattress, basic sanitation products and utensils for forty-eight hours presented a cognizable Eighth Amendment claim for deliberate indifference to his basic life necessities. (July 6, 2010 Order at 6.) However, Plaintiff's Eighth Amendment claim was dismissed with leave to amend because he identified "John Does" 1 through 6 as those who were present and participated in the deliberate indifference to his basic life necessities. (Id.) Because "a claim stated against Doe Defendants without further identifying information is not favored in the Ninth Circuit," see Gillespie v.

14

**United States District Court**
For the Northern District of California

Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), Plaintiff was directed to correct this pleading deficiency.

In the amendment, Plaintiff names the prison officials initially identified as "John Does" 1 through 6, who violated his Eighth Amendment rights, including: Defendants Oleachea and Quitevis, along with SVSP Correctional Captain Muniz; SVSP Correctional Lieutenant Showalter; SVSP Correctional Sergeants Nilssen and Watson; and SVSP Correctional Officers Mora, Corona, Greeson, Newby, White, Nolte, Lapurga and Milenewicz.[5] (Amendment at 15.) Plaintiff claims these Defendants "were deliberately indifferent as to the treatment Plaintiff as a prisoner receives in prison and the conditions under which he is confined, are subject to the Court[']s scrutiny under the 8th Amendment." (Id.) Plaintiff claims that Defendants Showalter, Nilssen, Muniz, Oleachea, Quitevis, Mora, Corona, White, Nolte, Lapurga and Milenewicz were present and participated in the deliberate indifference to his basic life necessities. (Id. at 5-11.) However, Plaintiff states that Defendants Watson, Greeson and Newby were only involved in the search of Ms. Frye. (Id. at 11.) Specifically, Plaintiff alleges Defendant Watson ordered Defendants Greeson and Newby to search Ms. Frye. (Id.) Plaintiff claims that their actions are in violation of the Eighth Amendment; however, he seems to be raising a violation under the Fourth Amendment based on an alleged unconstitutional search of Ms. Frye. Because Plaintiff

_____

[5] Plaintiff inadvertently left out Defendant Watson from the list of Doe Defendants he identified; however, he names Defendant Watson as a defendant in the case caption and explains Defendant Watson's involvement in the alleged constitutional violation. (Amendment at 1-A, 11.) Therefore, the Court assumes Plaintiff intended to include Defendant Watson as a named Defendant.

fails to allege any facts linking these Defendants to a violation of his constitutional rights, his allegations do not state a cognizable Fourth or Eighth Amendment claim.  Therefore, the Court DISMISSES without leave to amend Plaintiff's claim under either the Fourth or Eighth Amendment against Defendants Watson, Greeson and Newby.

Read liberally, the allegations in Plaintiff's amendment state a cognizable deliberate indifference claim against Defendants Showalter, Nilssen, Muniz, Oleachea, Quitevis, Mora, Corona, White, Nolte, Lapurga and Milenewicz.  (Id. at 5-11.)  Therefore, this claim may proceed against these Defendants, who shall abide by the briefing schedule outlined below.

C.   Fourteenth Amendment Due Process Claim Related to "Feces Watch"

In its July 6, 2009 Order, the Court found that Plaintiff's allegations that he was not granted a hearing before or after he was put on "feces watch" state a cognizable claim of a violation of his due process rights. (July 6, 2010 Order at 9 (citing Meachum v. Fano, 427 U.S. 215, 223-27 (1976); Sandin v. Conner, 515 U.S. 472, 484 (1995); Toussaint v. McCarthy,  926 F.2d 800, 1098 (9th Cir. 1990), cert. denied, 502 U.S. 874 (1991)).)  However, Plaintiff's due process claim was dismissed with leave to amend because he identified "John Does" 1 through 6 as those who were present and participated in denying him a hearing.  For the reasons stated above, Plaintiff was directed to correct this pleading deficiency.

In the amendment, Plaintiff names the prison officials, originally identified as "John Does" 1 through 6, who were present

and participated in denying him a hearing:  Defendants Showalter, Nilssen and Muniz.  Plaintiff alleges that Defendant Showalter was the "Official Watch Commander" who ordered Defendants Muniz and Nilssen to place Plaintiff on a "feces watch" without a hearing. (Amendment at 11.)

Read liberally, the allegations in Plaintiff's amendment state a cognizable due process claim against Defendants Showalter, Muniz and Nilssen.  Therefore, this claim may proceed against these Defendants, who shall abide by the briefing schedule outlined below.

D.   Fourteenth Amendment Equal Protection Claim Related to "Feces Watch"

In its July 6, 2009 Order, the Court found that Plaintiff made "the conclusory allegation that 'John Does' 1 through 6 discriminated against him because of his race and his fiance's race by putting him on 'feces watch' in December, 2007." (July 6, 2009 Order at 12.)  The Court stated, "Plaintiff alleges no facts showing that similarly situated inmates, who are not African-American, or who have fiances of a different ethnicity, were not put on 'feces watch' in similar circumstances." (Id.)  The Court found that Plaintiff did not state a cognizable equal protection claim against Defendants "John Does" 1 through 6 or Defendant Oleshea.  Plaintiff's equal protection claim was dismissed with leave to amend "if he can allege in good faith, and by citing actual examples which are subject to proof, that Defendants 'John Does' 1 through 6 or Defendant Oleshea placed him on 'feces watch' but did not do so for other similarly situated prisoners of other races." (Id. at 13.)

**United States District Court**
For the Northern District of California

In the amendment, Plaintiff simply reiterates the same allegations that were stated in the amended complaint.  (Amendment at 21-23.)  He fails to cure the pleading deficiency identified in the Court's July 6, 2009 Order.  Accordingly, Plaintiff's equal protection claim is DISMISSED without leave to amend.

CONCLUSION

For the foregoing reasons,

1.   The Court DENIES Defendant Oleachea's motion to dismiss (docket no. 38).  Defendant Oleachea is directed to abide by the briefing schedule relating to the motion for summary judgment below.

2.   The Court DENIES Plaintiff's motion for reconsideration of the December 11, 2009 Order denying appointment of counsel, and DENIES as unnecessary his request for an extension of time to file an opposition to the motion to dismiss.

3.   The allegations in Plaintiff's amendment state:

a.   a COGNIZABLE Fourth Amendment claim against Defendant Quintevis stemming from the strip searches conducted in December, 2007;

b.   a COGNIZABLE Eighth Amendment deliberate indifference claim against Defendants Showalter, Nilssen, Muniz, Oleachea, Quitevis, Mora, Corona, White, Nolte, Lapurga and Milenewicz; and

c.   a COGNIZABLE Fourteenth Amendment due process claim against Defendants Showalter, Muniz and Nilssen.

4.   The Court DISMISSES without leave to amend Plaintiff's claim under either the Fourth or Eighth Amendment against Defendants Watson, Greeson and Newby.

18

**United States District Court**
For the Northern District of California

1    5.    Plaintiff's equal protection claim is DISMISSED without

2  leave to amend.

3    6.    The Clerk of the Court shall mail a Notice of Lawsuit and

4  Request for Waiver of Service of Summons, two copies of the Waiver

5  of Service of Summons, a copy of the complaint and the amended

6  complaint and all attachments thereto (docket nos. 1, 10) as well

7  as a copy of the amendment to the amended complaint and all

8  attachments thereto (docket no. 30), a copy of the Court's July 6,

9  2009 Order, and a copy of this Order to: <u>SVSP Correctional Captain</u>

10  <u>Muniz; SVSP Correctional Lieutenant Showalter; SVSP Correctional</u>

11  <u>Sergeant Nilssen and SVSP Correctional Officers Quitevis, Mora,</u>

12  <u>Corona, White, Nolte, Lapurga and Milenewicz</u>.   The Clerk of the

13  Court shall also mail a copy of the amendment to the complaint and

14  all attachments thereto (docket no. 30) and a copy of this Order to

15  Defendant Oleachea's attorney, Trace O. Maiorino at the State

16  Attorney General's Office in San Francisco.   Additionally, the

17  Clerk shall mail a copy of this Order to Plaintiff.

18    7.    Defendants are cautioned that Rule 4 of the Federal Rules

19  of Civil Procedure requires them to cooperate in saving unnecessary

20  costs of service of the summons and complaint.   Pursuant to Rule 4,

21  if Defendants, after being notified of this action and asked by the

22  Court, on behalf of Plaintiff, to waive service of the summons,

23  fail to do so, they will be required to bear the cost of such

24  service unless good cause be shown for their failure to sign and

25  return the waiver form.   If service is waived, this action will

26  proceed as if Defendants had been served on the date that the

27  waiver is filed, except that pursuant to Rule 12(a)(1)(B),

28  Defendants will not be required to serve and file an answer before

**United States District Court**
For the Northern District of California

sixty (60) days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

8.   Defendants shall answer the allegations in Plaintiff's amendment to the amended complaint in accordance with the Federal Rules of Civil Procedure.

9.   The following briefing schedule shall govern dispositive motions filed by Defendants in this action:

a.   No later than ninety (90) days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than sixty (60) days after the date on which the aforementioned Defendants' motion is filed.

20

c.   If Defendants wish to file a reply brief, they shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

d.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

e.   Defendant Oleachea, who has previously been served, has been told that discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is also hereby granted to the other Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

f.   As Plaintiff has been instructed to do so with Defendant Oleachea, all communications by Plaintiff with the Court must be served on the other Defendants, or these Defendants' counsel once counsel has been designated, by mailing a true copy of the document to their counsel.

10.  Defendant Oleachea's name was misspelled as "Oleshea" in the Court's July 6, 2010 Order.  The Court directs the Clerk of the Court to correct the spelling of his name in the case caption to "Oleachea."

11.  This Order terminates Docket nos. 38 and 43.

IT IS SO ORDERED.

DATED: 9/28/2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KARLOS L FRYE,

                 Plaintiff,

  v.

OLESHEA et al,

                 Defendant.

_____/

Case Number: CV08-05288 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 28, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Karlos L. Frye T05458
D7-129
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: September 28, 2010

                           Richard W. Wieking, Clerk
                           By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California