1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   KARLOS L. FRYE,                        No. C 08-05288 CW (PR)

12          Plaintiff,                      ORDER DIRECTING PLAINTIFF TO
                                            PROVIDE CURRENT ADDRESS
13      v.                                  NECESSARY TO LOCATE DEFENDANTS
                                            LAPURGA AND CORONA
14   OFFICER OLEACHEA, et al.,

15

16          Defendants.
     _____/

17

18       Plaintiff, a state prisoner, filed the present pro se prisoner

19   complaint under 42 U.S.C. § 1983.  The Court issued an Order of

     Service.
20
         Service has been ineffective on Defendants Lapurga and Corona.
21
     The Court has been informed that the litigation coordinators at
22
     Salinas Valley State Prison and Kern Valley State Prison could not
23
     accept service on behalf of Defendants Lapurga and Corona because
24
     they were not employed at either prison.
25
         Because Plaintiff is proceeding in forma pauperis (IFP), he is
26
     responsible for providing the Court with current addresses for all
27
     Defendants so that service can be accomplished.  See Walker v
28
     Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United

<u>States</u>, 902 F.2d 598, 603 (7th Cir. 1990).

Pursuant to Fed. R. Civ. P. 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service.  When advised of a problem accomplishing service, a <u>pro se</u> litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." <u>Rochon v. Dawson</u>, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information or because the defendant is not where the plaintiff claims, and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal.  See <u>Walker</u>, 14 F.3d at 1421-22 (prisoner failed to show cause why claims against prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); <u>see</u> <u>also</u> <u>Del Raine v. Williford</u>, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good cause for failing to effect timely service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

Service on Defendants Lapurga and Corona has been attempted and has failed.

IT IS HEREBY ORDERED THAT within <u>thirty (30) days</u> of the date of this Order, Plaintiff must provide the Court with a current address, necessary to locate Defendants Lapurga and Corona. Failure to do so shall result in the dismissal of all claims

1   against Defendants Lapurga and Corona.   If Plaintiff provides the

2   Court with a current address, service shall again be attempted.   If

3   service fails a second time, all claims against Defendants Lapurga

4   and Corona shall be dismissed.

5       IT IS SO ORDERED.

6   Dated: 12/9/2010                   

7                                      CLAUDIA WILKEN
                                       UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3

1
2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

3
4
5
6
7
8

KARLOS L FRYE,

        Plaintiff,

  v.

OLESHEA et al,

        Defendant.
_____/

Case Number: CV08-05288 CW

**CERTIFICATE OF SERVICE**

9
10

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

11
12
13

That on December 9, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

15
16
17

Karlos L. Frye T05458
D7-129
Salinas Valley State Prison
P.O. Box 1050
Soledad,  CA 93960-1050

18
19

Dated: December 9, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California

4