IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KARLOS L. FRYE,

    Plaintiff,

  v.

OFFICER OLESHEA, et al.,

    Defendants.
                               /

No. C 08-05288 CW (PR)

ORDER DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANTS LAPURGA AND CORONA

    Plaintiff, a state prisoner, filed the present pro se prisoner complaint under 42 U.S.C. § 1983.  In an Order dated September 28, 2010, the Court found that, in addition to stating other cognizable claims, Plaintiff stated a cognizable Eighth Amendment deliberate indifference claim against Defendants Showalter, Nilssen, Muniz, Oleachea, Quitevis, Mora, Corona, White, Nolte, Lapurga and Milenewicz.  (Sept. 28, 2010 Order at 18.)

    Defendants Lapurga and Corona have not been served in this action.  The Court has been informed that the litigation coordinators at Salinas Valley State Prison and Kern Valley State Prison could not accept service on behalf of Defendants Lapurga and Corona because they were not employed at either prison.

    As Plaintiff is proceeding in forma pauperis (IFP), he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished.  See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).

Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a pro se litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information, the plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why complaint against prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served).

In an Order dated December 9, 2010, the Court informed Plaintiff that service had been ineffective on Defendants Lapurga and Corona and directed Plaintiff to provide the Court with current addresses for Defendants Lapurga and Corona within thirty days of the Order. Thirty days have passed, and Plaintiff has failed to provide the Court with the aforementioned required information.

Accordingly, all claims against Defendants Lapurga and Corona are DISMISSED without prejudice under Rule 4(m).

IT IS SO ORDERED.

Dated: 2/18/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT<br>FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA

KARLOS L FRYE,

       Plaintiff,

  v.

OLESHEA et al,

       Defendant.

Case Number: CV08-05288 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 18, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Karlos L. Frye T05458
D7-129
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: February 18, 2011

                                    Richard W. Wieking, Clerk
                                    By: Nikki Riley, Deputy Clerk